*P. W. Hardin, for appellee.*

[See next case for a later opinion.]

---

## J. W. SARRLS *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—300.]

### Right of Physician to Prescribe Liquor.

A practicing physician may legally prescribe and sell liquors to his patients for medical use, and so long as he acts in good faith can not be convicted for selling liquors unlawfully.

**Instruction.**

    In a prosecution for the unlawful sale of liquors, where the evidence shows that the sale was made by a licensed physician upon his own prescription for medical use only, it is error for the court to charge that he must be found guilty unless the evidence shows that he was a licensed druggist.

## APPEAL FROM HENRY CIRCUIT COURT.

### October 31, 1885.

OPINION BY JUDGE LEWIS:

The indictment in this case is for the offense by the accused of selling, lending or giving to another person spirituous liquors without license within the corporate limits of the town of New Castle, he being a druggist. It was found under an act entitled "An act to further regulate the retail traffic in spirituous, vinous and malt liquors, used as a beverage." Approved May 5, 1880. The object of the act in question was to require each druggist before selling spirituous, vinous or malt liquors to regularly obtain a license from the proper authority to do business as a druggist, and to punish physicians for giving prescriptions for liquors as medicine not in good faith and after proper examinations of the person to whom he gives it.

The proof in this case by the only witness examined is that the accused was his family physician and the liquor which he got was prescribed by the accused for a relation of the witness who was in feeble health and whom the accused had previously visited as a physician. The witness further testified that the accused prescribed the liquor as a physician in good faith as medicine and not as a beverage.

There was no evidence whatever that the liquor was sold or given to the witness by the accused as a druggist, or that he was engaged in the business of a druggist. At the conclusion of the evidence the court instructed the jury to find the defendant guilty if they believed he was a druggist and sold the whisky as such druggist, though sold as a medicine and upon a prescription which was recorded in a book kept by the defendant for that purpose, unless he had a license authorizing him to sell such liquor as a druggist. At the same time it refused an instruction asked by the accused that they must acquit if he was at the time a practicing

physician and as such in good faith prescribed the whisky as a medicine and recorded the prescription in a book kept by him for the purpose. There being no evidence that the accused sold the liquor as a druggist, but was a practicing physician and as such prescribed and sold it in good faith, the instruction given was erroneous, and the one asked by the defendant and refused should have been given, for by § 3 of an act approved April 8, 1882, 2 Acts 1881, ch. 916, to prohibit the sale of liquors within three miles of the courthouse in New Castle, it is expressly provided that a physician may keep and prescribe liquor as a medicine when necessary as such. Under that act the accused was authorized to prescribe and sell liquor in the manner and for the purpose the proof shows it was done, and the instruction requiring him to show he was a licensed druggist was improper.

It is not necessary to decide whether the act of May 5, 1880, or the Local Option Act, as it is called, has been repealed or not by the act of April 8, 1882, for whether repealed or not the accused was, in virtue of § 3 of the latter act, authorized to prescribe and sell under the circumstances and for the purpose he is shown to have done.

Judgment *reversed* and cause remanded for new trial.

*Carrol & Barbour, Wm. M. Cravens, for appellant.*

*P. W. Hardin, for appellee.*